Mr. John T. Shannon State Forester State Forestry Commission 3821 West Roosevelt Road Little Rock, Arkansas 72204-6396
Dear Mr. Shannon:
This is in response to your request for an opinion with respect to the federal Hatch Act and a prior opinion of this office. Your request states that an employee of your department, whose salary is funded in part from grants from the Forest Service of the United States Department of Agriculture, is considering running for sheriff of his county. You state that, in reliance upon Op. Att'y Gen. 84-96, you intend to terminate the employee (presumably upon his entry into the race), pay him for unused leave, and remove him from your payroll. You inquire whether Congress has made any laws that render obsolete Op. Att'y Gen. 84-96 and, if so, how such laws apply to the situation you describe.
In my opinion, Congress has made no laws that render obsolete the conclusion stated in Op. Att'y Gen. 84-96 that is relevant to your inquiry. The Hatch Act continues to define "State or local officer or employee" as:
 an individual employed by a State or local agency whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal agency, but does not include —
 (A) an individual who exercises no functions in connection with that activity; or
 (B) an individual employed by an educational or research institution, establishment, agency, or system which is supported in whole or in part by a State or political subdivision thereof, or by a recognized religious, philanthropic, or cultural organization.
5 U.S.C.A. § 1501(4) (1977).
The act also still provides that a State or local officer or employee may not "be a candidate for elective office," 5 U.S.C.A. § 1502(a)(3) (1977), although such a person may be a candidate in non-partisan elections, 5 U.S.C.A. § 1503 (1977). Accordingly, the conclusion stated in Op. Att'y Gen. 84-96 that is relevant to your inquiry (i.e., that an employee of an agency of state government whose principal employment is in connection with an activity financed in whole or in part by loans or grants made by the United States or a federal agency may not be a candidate for public elective office in a partisan election) remains valid.
The situation you describe presents certain questions of fact, including whether the employee at issue is covered by the act's definition of "State or local officer or employee," which questions clearly are for your determination in the first instance.
In view of the foregoing, an answer to your second question is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh